IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| FRANCIS RUSSELL WELL, | ) |
| Plaintiff, | ) Civil Action No: 2:17-cv-01781 |
| vs. | ) Judge: _____ |
| E. I. DUPONT DE NEMOURS AND COMPANY, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant E. I. du Pont de Nemours and Company ("DuPont"), by its undersigned counsel, removes this action from the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia. The grounds for removal are as follows:

1. On or about February 7, 2017, Plaintiff Francis Russell Well ("Plaintiff") filed this action in the Wood County, West Virginia Circuit Court captioned *Francis Russell Well v. E. I. du Pont de Nemours and Company*, Case No. 17-C-48. Plaintiff has asserted various claims against DuPont, including negligence and punitive damages claims, all allegedly relating to and arising out of the operation of DuPont's Washington Works plant, a manufacturing facility located in Wood County, West Virginia. Plaintiff seeks to recover both compensatory and punitive damages.

2. DuPont was served with a copy of the summons and complaint in this action on or about February 13, 2017.

3. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Summons and Complaint that DuPont received are collectively attached hereto.

4. Pursuant to Southern District of West Virginia Local Rule of Civil Procedure 3.4(b), a true and accurate copy of the Wood County Circuit docket sheet is attached hereto.

5. Because the Notice of Removal is being filed within thirty (30) days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

6. The Wood County Circuit Court is the court in which this action was originally filed and is located within the jurisdiction of the United States District Court for the Southern District of West Virginia. Venue is therefore proper in this District under 28 U.S.C. § 1441(a) because this District embraces the place in which the removed action has been pending.

7. Upon the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), DuPont will promptly file a copy of this Notice of Removal with the Wood County Circuit Court, West Virginia.

8. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), a corporation is deemed to be a citizen of its state of incorporation and of the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). DuPont is a Delaware corporation with its principal place of business in Wilmington, Delaware, where it maintains its corporate offices.

9. On information and belief, and as evidenced on the face of the Complaint, Plaintiff is not a citizen and/or resident of Delaware.

10. For purposes of the amount in controversy requirement, where the amount sought is unspecified in the complaint, the defendant merely needs to show that the amount in controversy "more likely than not" exceeds $75,000. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D. W. Va. 1999); *Gascho v. Global Fitness Holdings, LLC*, 2011 U.S. Dist. LEXIS 154430, at *13 (S.D. Ohio Nov. 14, 2011).

11. Although the *ad damnum* clause of Plaintiff's Complaint does not seek a specific amount of damages, a reasonable interpretation of the pleadings is that the amount of damages sought and thus the amount in controversy between Plaintiff and DuPont, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff claims, among other things, that Plaintiff's alleged exposure to substances purportedly released by DuPont has caused Plaintiff's physical injury and Plaintiff's request for punitive damages should also be included in determining the jurisdictional amount. *See White v. J. C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) ("If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes.").

12. Thus, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and DuPont; and (2) on the face of the Complaint, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. For the foregoing reasons, and pursuant to 28 U.S.C. § 1446, Defendant DuPont hereby removes the above-referenced case from the Wood County Circuit, West Virginia to the United States District Court for the Southern District of West Virginia. If any question arises as to the propriety of the removal of this action, DuPont respectfully requests the opportunity to fully brief the legal issues through supporting memoranda, and to be heard in oral argument, in support of its position that the case is removable based upon diversity of citizenship.

14. Pursuant to Fed. R. Civ. P. 38(b), Defendant DuPont hereby demands trial by jury in the above-captioned matter for all issues so triable.

Respectfully submitted,

*/s* W. Michael Hanna
W. Michael Hanna (WVSB No. 1582)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
mike.hanna@squirepb.com
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

Dated: 3/10/2017

**CERTIFICATE OF SERVICE**

I hereby certify that on 3/10/2017, an electronic copy of the foregoing was filed with the Clerk of Court and served via the CM/ECF filing system by agreement of the Parties on the following:

Harry G. Deitzler
R. Edison Hill
James C. Peterson
**HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC**
500 Tracy Way
Charleston, WV 25311

Larry A. Winter
**WINTER & JOHNSON, PLLC**
P.O. Box 2187
Charleston, WV 25328

*Attorneys for Plaintiffs*

<u>/s</u> W. Michael Hanna
Attorney for DuPont